# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPS WINN DAVIS CDCR #BI-4186,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE DEP'T; ROBERT NELSON; PETER LARSON; WILLIS SHORT; JERRAD SCHNAUTZ,<br><br>Defendants. | Case No.: 3:19-cv-2044-MMA-KSC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT SUA SPONTE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) & § 1915A** |

## I.     Procedural History

On October 23, 2019, Plaintiff Steps Winn Davis, a state inmate currently incarcerated at the California Rehabilitation Center locate in Norco, California, and proceeding *pro se*, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 seeking damages against the San Diego Police Department ("SDPD") and individual SDPD officers.  *See* Doc. No. 1.

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.  The Court granted

Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim. *See* Doc. No. 4. Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 8. On January 6, 2020, Plaintiff filed his First Amended Complaint ("FAC"). *See* Doc. No. 4.

In the Court's November 18, 2019, Order, Plaintiff was cautioned that any "[d]efendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." Doc. No. 3 at 8 (citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")). In his FAC, Plaintiff no longer names the SDPD as a Defendant and thus, the claims against the SDPD are deemed waived.

**II.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

   A.    <u>Standard of Review</u>

As the Court previously informed Plaintiff, a complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Discussion

1. Factual Allegations

On April 21, 2018, Plaintiff was "arrested during a traffic stop by San Diego Police Officer Robert Nelson" for "drug possession." FAC at 6. Plaintiff claims Officer Nelson "started collecting lots of [his] belongings that did have anything to do with the traffic stop or the drug possession charge." *Id.* Following Plaintiff's arrest his "vehicle was impounded." *Id.* Plaintiff's wife "went and got it out of impound" but was told that Plaintiff's personal property left in the car at the time of his arrest was impounded and inventoried by the police department. *Id.* Plaintiff claims that his personal items should

3

not have been removed from his car because the "items were not part of [his] case or evidence." *Id.*

On September 4, 2018, Plaintiff was riding his bike when "SDPD Officer Willis Short stopped and arrested him. *Id.* at 5. Plaintiff alleges Officer Short "impounded everything" Plaintiff "had on" him. *Id.*

Plaintiff alleges that he asked his criminal defense counsel when he could get his personal property back and was told his personal property would be returned after his "court cases were finished and [he] was sentenced." *Id.* at 6.

On December 2, 2018, Plaintiff "signed a plea deal" which included a provision by which Plaintiff would get his personal property returned. *Id.* at 3. Plaintiff's counsel informed him that "he would see to it that a third party could get [his] property back since [Plaintiff] would be in custody." *Id.* Plaintiff was sentenced on January 10, 2019 and "according to the plea" he "would have 60 days" after he was sentenced to claim his property. *Id.*

However, "not even two weeks" after Plaintiff signed his plea agreement, Plaintiff alleges Ray Christian, "Property and Evidence Supervisor disposed of all [Plaintiff's] property intentionally." *Id.* Christian sent Plaintiff a letter dated March 26, 2019 in which he informed Plaintiff that he had ninety (90) days from impoundment to claim his property or "request an extension for up to one year from the date of impound." *Id.* at 11. Christian wrote "[s]ince the property was not claimed within 90 days nor was there a hold request, your property was disposed of in accordance to department procedure." *Id.*

Plaintiff seeks injunctive relief along with $50,000 in compensatory damages, $1,000,000 in punitive damages, and $500,000 for special damages and "irreplaceable items." *Id.* at 10.

### 2. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

4

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### 3. Fourth Amendment claims

Plaintiff alleges his Fourth Amendment rights were violated when San Diego Police Officers "seized" his personal items that "didn't have anything to do with the traffic stop or drug charge" for which he was arrested. FAC at 2.

The Fourth Amendment protects individuals form "unreasonable searches and seizures" of the "person, houses, papers, and effects" by the government. U.S. Const. amend. IV. Plaintiff does not challenge the lawfulness of his arrest or the impoundment of his car. Instead, Plaintiff challenges the lawfulness of the inventory and storage of his personal property.

However, the Supreme Court has held "[i]nventory procedures serve to protect an owner's property while it is in the custody of the police… and to guard the police from danger" and thus, these types of procedures do not violate the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 372 (1987). Plaintiff claims he had an arrangement that deviated from SDPD regulations to receive his personal property after he was sentenced. However, the Supreme Court rejected the argument that a seizure was unreasonable "because [the defendant] could have been offered the opportunity to make other arrangements for the safekeeping of his property." *Rose v. Loos*, 130 Fed.Appx. 78, 79 (9th Cir. 2005) (citing *Bertine*, 479 U.S. at 373).

Accordingly, Plaintiff's Fourth Amendment claims are dismissed for failing to state a claim upon which § 1983 relief may be granted.

### 4. Fourteenth Amendment Claims

Plaintiff alleges that Defendants unlawfully deprived Plaintiff of his property without due process, as required under the Fourteenth Amendment of the United States Constitution. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v.*

*Austin*, 545 U.S. 209, 221 (2005).

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989). Neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized, however. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.* a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to the deprivation, a statutory provision for post-deprivation hearing or a state common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). The Ninth Circuit has long recognized that California law provides such an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing CAL. GOV'T CODE §§ 810-895).

Deprivations of property resulting from negligence, or "mere lack of due care" do not deny due process at all, and must be redressed through a state court damages action. *See Daniels*, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *id.* at 330 ("'To hold that this kind of loss is a deprivation of property within the meaning of the Fourteenth Amendment seems not only to trivialize, but grossly to distort the meaning and intent of the Constitution.'" (quoting *Parratt*, 451 U.S. at 545 (Stewart, J., concurring)). In fact, the Supreme Court has explicitly warned against turning the Fourteenth Amendment and § 1983 into a "font of tort law to be

superimposed upon whatever systems may already be administered by the States." *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

Thus, because Plaintiff claims Defendants deprived him of personal property, any remedy he may have lies in state court and his federal action must be dismissed for failing to state a claim upon which § 1983 relief may be granted. 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27.

Thus, for all these reasons, Plaintiff's case must be dismissed sua sponte based on his failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27.

### C. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds that granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A;

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. Section 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATE: February 10, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge